IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COLE ALLEN MITCHELL                                                                PLAINTIFF

v.                          Civil No. 2:24-cv-02109-MEF

OFFICER DALTON WAGGONER                                                           DEFENDANT

**MEMORANDUM OPINION**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The parties have consented to the jurisdiction of the undersigned. (ECF No. 14). The case is before the Court on Plaintiff's failure to obey the Court's Orders.

**I.     DISCUSSION**

Plaintiff filed his Complaint to initiate this action on August 29, 2024. (ECF No. 1). An initial scheduling order was issued on October 29, 2024. (ECF No. 16). On February 24, 2025, Defendant timely filed a Motion for Summary Judgment. (ECF Nos. 17-19). The following day, an Order was entered directing Plaintiff to respond to the summary judgment motion by March 18, 2025. (ECF No. 20). Plaintiff was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure. In the same Order, Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted and/or (b) the case would be subject to dismissal.

Plaintiff did not file his summary judgment response. As a matter of procedural fairness

1

and to give Plaintiff yet another opportunity to comply with the Court's Orders, a Show Cause Order was entered on March 19, 2025. (ECF No. 22). Plaintiff was given until April 9, 2025, to respond. Plaintiff was advised that if he failed to respond by the deadline, "this case shall be subject to dismissal."

To date, Plaintiff has not filed a response to the Defendant's pending Motion for Summary Judgment or a response to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 20 & 22). Plaintiff was advised in each of the above-mentioned Orders that failure to comply would subject the case to dismissal.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. When considering Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious

2

conduct"; (2) the adverse impact of the conduct on the Defendants; and (3), the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily. *Id.*

Here, the Defendant expended resources conducting discovery and preparing his Motion for Summary Judgment. Plaintiff then intentionally chose not to respond to the Motion even after being directed to do so by the Court in two separate instances. Plaintiff has not communicated with the Court in any way.

## II.   CONCLUSION

For these reasons, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case will by separate judgment entered this same day be **DISMISSED WITH PREJUDICE** based on Plaintiff's intentional failure to prosecute this case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

DATED this 21st day of April 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3